UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| APRIL DANIELLE LANHAM | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:18-cv-00202 |
| v. | ) |
| | ) Judge Christopher H. Steger |
| SCTRAY COMPANY, INC. and | ) |
| SOUTHERN CHAMPION TRAY, L.P., | ) Jury Trial |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**I.  Introduction**

Defendant Southern Champion Tray, L.P.'s ("Southern Champion") Motion for Attorney Fees [Doc. 21], Motion for Extension of Time [Doc. 26], and Plaintiff April Danielle Lanham's Motion to Remand [Doc. 19] are pending. The Court will **DENY** the Motion for Attorney Fees [Doc. 21], **GRANT** the Motion for Extension of Time [Doc. 26], and **GRANT** the Motion to Remand [Doc. 19].

**II.  Facts**

Plaintiff originally filed this employment discrimination action in the Chancery Court for Hamilton County, Tennessee, against Defendants SCTray Company, Inc. ("SCTray"); Southern Champion; and Rodney Antonio Dozier ("Dozier"). The original complaint filed in state court alleged race and disability discrimination under federal and state law and retaliatory discharge for filing a worker's compensation claim in violation of Tennessee law. On August 30, 2018, Defendants removed this case to federal court. [Doc. 1].

On November 6, 2018, Plaintiff voluntarily dismissed defendant Dozier [Doc. 11]. On January 29, 2019, Plaintiff voluntarily dismissed defendant SCTray. [Doc. 14]. On April 1, 2019,

Plaintiff filed an unopposed motion to amend her complaint [Doc. 15] which was granted on April 26, 2019. [Doc. 17]. The Amended Complaint asserts only one claim, *to wit*, a claim against Southern Champion for retaliatory discharge for filing a worker's compensation claim in violation of Tennessee law. [Doc. 18]. Having dismissed her federal claims, Plaintiff filed a motion requesting this Court to remand the case to state court [Doc. 19]. In response, Defendant filed a Motion for Attorney Fees [Doc. 21] arguing that Defendant should be reimbursed in connection with the defense of the federal claims which were subsequently dismissed by Plaintiff.

**III.     Discussion**

    **A.     Motion for Attorney Fees**

Southern Champion moves under 42 U.S.C. § 1988 for fees and expenses it incurred in defending Plaintiff's claim for disability discrimination brought against it under the Americans with Disabilities Act (ADA).[1] [Doc. 21]. Southern Champion has not demonstrated that Plaintiff's ADA claim for disability discrimination was frivolous, unreasonable, or without foundation. *See Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1987), *Thomas v. Copeland*, 758 F. App'x 377, 383 (6th Cir. 2018). In her response [Doc. 23], Plaintiff has referred to facts which raise a colorable disability discrimination claim. A plaintiff is not required to accept a defendant's version of facts or even the EEOC's version of facts and may explore the factual basis for a claim before ultimately determining not to pursue it. That appears to be the case here. The Court does not deem Plaintiff's ADA claim to be frivolous, unreasonable or without foundation. Consequently, Defendant is not entitled to attorney fees and expenses.

    Further, Southern Champion has not demonstrated that the work for which Defendant

---

[1] The correct statute to seek attorney fees under the ADA is 42 U.S.C. § 12205. It is one of a number of federal fee shifting statutes which are applied under the same standard as that applied to 42 U.S.C. § 1988. *See e.g., Michigan Flyer, LLC v. Wayne Cnty Airport Auth.*, 162 F. Supp.3d 584, 586-87 (E.D. Mich. 2016).

seeks fees was unrelated to Plaintiff's retaliatory discharge claim brought under Tennessee law. Courts should not reduce fees simply because a plaintiff has not prevailed on all claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983).[2] Rather, the court should consider whether work performed for one or more unsuccessful claims can also apply to successful claims. Where a plaintiff's claims involve "a common core of facts" or are based on "related legal theories, . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim by claim basis." *Hensley*, 461 U.S. at 435. So, for this reason as well, the Court concludes Defendant is not entitled to fees and expenses.

### B. Motion for Extension of Time

Pursuant to the Court's November 14, 2018 Scheduling Order, the deadline for the parties to submit their final witness lists is June 18, 2019; the discovery deadline is June 28, 2019; and the deadline to file dispositive motions is July 16, 2019. The Motion for Extension of Time [Doc. 26] is hereby **GRANTED** and the Court **EXTENDS** by thirty days the deadlines for the final witness list, discovery, and dispositive motions.

### C. Motion to Remand

There is no federal cause of action in the Amended Complaint. Further, diversity jurisdiction is lacking since both Plaintiff and Defendant are citizens of Tennessee. *See* 28 U.S.C. § 1332. Defendant has no objection to Plaintiff's Motion to Remand to state court. [Doc. 19]. Pursuant to 28 U.S.C. § 1447(c), if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, for good cause

---

[2] *See also Hescott c. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014) ("We have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed.") (quoting *De ja Vu, Inc. v. Metro. Gov't of Nashville & Davidson Cnty, Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005)); *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014) ("In no case should a court reduce the full fee award 'simply by using a ratio of successful claims to claims raised.'") (quoting *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013)).

shown, Plaintiff's Motion to Remand [Doc. 19] is well taken and shall be **GRANTED**.

**IV.    Conclusion**

For the reasons stated in this Memorandum and Order, it is **ORDERED**:

1. Southern Champion's Motion for Attorney Fees [Doc. 21] is **DENIED**;

2. Southern Champion's Motion for Extension of Time [Doc. 26] is **GRANTED**;

3. April Danielle Lanham's Motion to Remand [Doc. 19] is **GRANTED**; and

4. This action is hereby **REMANDED** to the Chancery Court for Hamilton County, Tennessee.

**SO ORDERED.**

    /s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE